UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAMUEL DENNY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:09CV2038 HEA |
| ) | |
| DON ROPER, ) | |
| ) | |
| Respondent. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition will be summarily dismissed.

In the late hours of June 5, 1994, or the early hours of June 6, 1994, petitioner raped and murdered a two-and-a-half-year-old girl. A grand jury indicted petitioner on three counts of first-degree murder, sodomy, and forcible rape. Petitioner initially went to trial, but after two days of testimony he determined that the jury was likely to give him the death penalty. Thereafter, he pled guilty on all three counts pursuant to a plea agreement. On June 28, 1995, the court sentenced petitioner to life imprisonment without the possibility of parole.

Petitioner did not appeal his sentence, nor did he file a timely motion under Rule 24.035 of the Missouri Supreme Court Rules. Petitioner filed a Rule 91 petition for writ

of habeas corpus in Washington County, Missouri, on June 9, 2009, which was dismissed on November 9, 2009.

In the instant petition, petitioner alleges that he has newly discovered evidence that shows that he is actually innocent of the crimes. In support of his petition, petitioner has introduced several letters, purportedly penned by the victim's mother, in which the victim's mother says that she planned and executed the rape and murder of her daughter and intentionally framed petitioner as the perpetrator.

A claim of actual innocence is relevant to a claim that the statute of limitations should be tolled. *E.g.*, *Pitts v. Norris*, 85 F.3d 348, 350 (8th Cir. 1996). However, "a credible claim of actual innocence 'requires [a] petitioner to support his allegation of constitutional error with new reliable evidence. . . .'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). One example "of evidence which may establish factual innocence [is a] credible declaration[] of guilt by another." *Id.* at 350-51.

In this case, petitioner has not presented the Court with a credible declaration of guilt by another. The manner in which the declaration has been written suggests it was fabricated by petitioner several years after the fact. Indeed, the timing of the entry of the declaration, more than fourteen years after plaintiff's conviction, adds to the incredible nature of the declaration. As a result, petitioner has failed to make a prima facie case of actual innocence sufficient to toll the statute of limitations.

For these reasons, the Court will dismiss the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases.

Additionally, the Court notes that petitioner has neither paid the $5 filing fee nor submitted a motion to proceed in forma pauperis. However, petitioner has submitted a certified copy of his prison account statement for the six-month period immediately preceding the filing of the petition. The account statement demonstrates that petitioner qualifies for in forma pauperis status. As a result, the Court will construe the account statement as a motion to proceed in forma pauperis, and the Court will grant the motion.

Finally, petitioner has not made a substantial showing of the denial of a constitutional right. As a result, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [#2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 4th day of January, 2010.

　　　　　　　　　　　　　　　　　　　　HENRY EDWARD AUTREY
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE